Becky KRAMBECK, Plaintiff,

v.

**CHILDREN AND FAMILIES OF IOWA, INC., et al.,** Defendants.

No. 4:04–CV–40011–JEG.

United States District Court, S.D. Iowa, Central Division.

Sept. 5, 2006.

Jeffrey M. Lipman, Lipman Law Firm, PC, Clive, IA, Steven L. Udelhofen, Udelhofen Law Office, Ankeny, IA, for Plaintiff.

Helen C. Adams, Dickinson Mackaman Tyler & Hagen PC, Des Moines, IA, Stuart J. Cochrane, Johnson, Erb, Bice, Kramer, Good & Mulholland, PC, Fort Dodge, IA, for Defendants.

## ORDER

GRITZNER, District Judge.

This matter comes before the Court on the motion of Plaintiff Becky Krambeck (Krambeck) "to Dismiss All Federal Claims and Remove and Remand Case Back to Iowa District Court." Krambeck is represented by Jeff Lipman and Steven Udelhofen. Defendants Children and Families of Iowa, Inc. (CFI), Chris Carmon (Carmon), and Alicia Lewis (Lewis) are represented by Helen Adams. Carmon is also represented by Stuart Cochrane. The Defendants requested oral argument, and a hearing was held on July 13, 2006. The matter is now fully submitted and ready for ruling.

## SUMMARY OF MATERIAL FACTS

Krambeck was employed with CFI for approximately three years. During that time, Carmon and his supervisor, Lewis, were also in CFI's employ. Krambeck claims Carmon subjected her to sexually offensive comments and conduct, of which CFI and Lewis were aware. Lewis discharged Krambeck on September 26, 2003, for inappropriate workplace behavior.

Krambeck filed a petition in the Iowa District Court for Polk County on December 26, 2003, alleging claims of sexual harassment discrimination and retaliation under the Iowa Civil Rights Act, Iowa Code ch. 216, and Title VII of the federal Civil Rights Act, 42 U.S.C. § 2000e et seq.

On January 7, 2004, Defendants CFI and Lewis removed the case to this court because the petition included claims based on Title VII, a federal statute.[1] 28 U.S.C.

---

1. The petition included claims by other plaintiffs, which were subsequently settled. The claims brought by the other plaintiffs were dismissed with prejudice by this Court upon stipulation of the parties on February 23, 2006. Krambeck is the only remaining plaintiff.

§ 1441. Defendants therefore invoke the court's federal question jurisdiction to hear the Title VII claims, 28 U.S.C. § 1331, 1343, and its supplemental jurisdiction as to the related state claims, 28 U.S.C. § 1367.

On April 10, 2006, Krambeck filed a motion to dismiss the federal claims and remand the remaining state claims to state court. Defendants resisted that motion on May 22, 2006.

## APPLICABLE LAW AND DISCUSSION

### I. MOTION TO DISMISS FEDERAL CLAIMS

Defendants CFI and Lewis do not resist Krambeck's motion to dismiss her federal claims, provided the dismissal is with prejudice. In a separate resistance, Carmon purports to resist Krambeck's motion on the same grounds as Defendants CFI and Lewis, so it is assumed he does not resist the dismissal of the federal claims, although his request is postured as a general denial of the motion as a whole (including the motion to dismiss).

Krambeck's motion does not specify whether she is requesting dismissal of the federal claims with or without prejudice. At oral argument, counsel for Krambeck represented that if the motion to remand is granted, she concedes to a dismissal with prejudice. While the Court appreciates Plaintiff's strategic desire to obtain the most favorable result whatever the Court's determination on the motion to remand, Plaintiff brought the federal claims, has extensively litigated them in this Court, and has exposed Defendants to defending the claims. Therefore, Krambeck's motion to dismiss is granted, and her federal claims will be dismissed with prejudice.

### II. MOTION TO REMAND REMAINING STATE LAW CLAIMS

In the absence of federal claims, whether the Court should retain jurisdiction depends upon construction of its supplemental jurisdiction under 28 U.S.C. § 1367, which provides in relevant part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

. . . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Neither party questions that the state and federal employment discrimination claims are so related that they form part of the same case or controversy. Krambeck urges the Court to decline to exercise its supplemental jurisdiction and remand the case under § 1367(c)(1) and (3). She asserts her claims raise novel or complex issues of state law and notes that granting her motion to dismiss would re-

move all claims over which this Court has original jurisdiction.

## A. Novel or Complex Issues of State Law

Krambeck claims her case presents three novel or complex issues of state law that should be heard in state court and urges this Court to remand accordingly. First, Krambeck claims resolution of her case will require a court to decide whether the Iowa Civil Rights Act requires a plaintiff to report discriminatory activity of an "individual" who is also a supervisor in the same manner as *Burlington Industries., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), and *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Second, Krambeck claims the court hearing her case must decide the issue of the definition of "supervisor" for purposes of imposing *respondeat superior* or strict liability on the company when the harassing "individual" under the ICRA is also part of the company's management. Finally, Krambeck claims the state court should be allowed to address "the affect a prior complaint under Iowa Chapter 216 has on reporting requirement to higher management of subsequent incidents of harassment."

These vague statements illuminate little standing alone. Counsel further elaborated at oral argument, and it appears that central to this case is a dispute over whether Carmon is Krambeck's supervisor. Under federal law, if Carmon is a co-worker, then Krambeck must prove as an additional element of her prima facie case that Defendants "knew or should have known of the conduct and failed to take proper remedial action." *Cheshewalla v. Rand & Son Constr. Co.,* 415 F.3d 847, 850 (8th Cir.2005). If Carmon is a supervisor, CFI is vicariously liable for his conduct unless it can establish the *Faragher/El-lerth* affirmative defense. *Id. Faragher* and *Ellerth* provide that an employer is subject to vicarious liability for the discriminatory actions of a supervisor; however, when no tangible employment action is taken, an employer may raise an affirmative defense composed of two elements: (1) "that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and (2) "that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher,* 524 U.S. at 807, 118 S.Ct. 2275; *Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257. Krambeck asserts that this dispute involves a novel question of state law because it is unclear whether the Iowa Supreme Court would adopt the definition of supervisor the Supreme Court used in *Faragher* and *Ellerth,* or use what Krambeck claims is a more restrictive definition applied by the Eighth Circuit Court of Appeals.

"In *Ellerth* and *Faragher,* the Supreme Court did not answer the question, 'who is a supervisor?,' other than to state that an employer is vicariously liable 'for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the [victimized] employee.'" *Joens v. John Morrell & Co.,* 354 F.3d 938, 940 (8th Cir.2004) (quoting *Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257). In *Joens,* the Eighth Circuit addressed that question. The court considered the interpretation of the Fourth and Seventh Circuits, which held that a supervisor must have the power to take tangible employment action against the plaintiff-employee, and the somewhat broader interpretation of the Second Circuit, which found supervisory status indicated by the ability to direct the daily work activities of the plaintiff-employee. *Id.* The Eighth Circuit opted for the narrower approach

and "held that to be considered a supervisor, 'the alleged harasser must have had the power (not necessarily exercised) to take tangible employment action against the victim, such as the authority to hire, fire, promote, or reassign to significantly different duties.'" *Cheshewalla,* 415 F.3d at 850–51 (quoting *Joens,* 354 F.3d at 940).

The Iowa Supreme Court has cited the *Faragher/Ellerth* affirmative defense, without comment, in *Farmland Foods Inc. v. Dubuque Human Rights Commission,* 672 N.W.2d 733, 744 & n. 2 (Iowa 2003). The court cited only federal case law, primarily from the Eighth Circuit, in discussing plaintiff's hostile work environment claims, even though none of the claims arose under Title VII. *Id.; see also Lopez v. Aramark Uniform & Career Apparel, Inc.,* 426 F.Supp.2d 914, 949–50 (N.D.Iowa 2006) (finding that *Farmland Foods* demonstrates that the Iowa Supreme Court has adopted the *Faragher/Ellerth* affirmative defense for ICRA claims involving supervisor harassment); *Boyle v. Alum–Line, Inc.,* 710 N.W.2d 741, 746 (Iowa 2006) (stating that the elements of an ICRA hostile work environment claim include the "knew or should have known" element when the harasser is a nonsupervisory employee). Though the *Farmland Foods* court did not have occasion to discuss the definition of supervisor in detail, the case shows a consistency with the continued preference of the Iowa courts in construing Title VII and the ICRA in harmony.

Two of Krambeck's allegedly novel questions of state law refer to a "reporting requirement" imposed by *Faragher* and

*Ellerth.* The argument offered is unclear, requiring the Court to assume this is a reference to the second prong of the affirmative defense: that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer, *Faragher,* 524 U.S. at 807, 118 S.Ct. 2275, which implicitly requires some communication to the employer. The Supreme Court, however, grounded its decision allowing failure to utilize company procedures to form part of an affirmative defense in the general legal notion requiring plaintiffs to mitigate damages, and not in some exotic new area of employment law. *Id.* at 806, 118 S.Ct. 2275 (stating that the second prong of the affirmative defense "reflects an equally obvious policy imported from the general theory of damages.").

Krambeck asserts that if this court were to retain jurisdiction and hear her state law claims, it might want to certify these allegedly novel questions of state law to the Iowa Supreme Court; therefore, it would be simpler to remand the case and allow the state court to decide these undeveloped areas of the ICRA. However, on the current record, it does not appear that this case implicates any novel issues of state law.[2]

When illuminated by the facts of this case instead of abstractions, none of Krambeck's three allegedly novel state law issues are truly novel, surprising, or complex in light of the federal courts' extensive employment discrimination caseload and the general rule construing the ICRA in harmony with federal employment dis-

---

**2.** If further progression of this case discloses a novel issue that was not satisfactorily demonstrated to the Court at this juncture, any such issue would likely be of a limited nature and could be certified to the Iowa Supreme Court. *See Erickson–Puttmann v. Gill,* 212 F.Supp.2d 960, 975–76 (N.D.Iowa 2002) (finding no individual liability for nonsupervi-

sory employees under the ICRA without certifying question to Iowa Supreme Court); *Vivian v. Madison,* 601 N.W.2d 872 (Iowa 1999) (on certified question from the Southern District of Iowa, court held that a supervisory employee is subject to individual liability under the ICRA, unlike Title VII).

crimination law. *See, e.g., Madison v. IBP, Inc.,* 330 F.3d 1051, 1058 (8th Cir. 2003) (noting the general preference of Iowa courts to look to federal law when interpreting ICRA but discussing difference in Iowa and federal law regarding the recovery period for a continuing violation); *Canterbury v. Federal–Mogul Ignition Co.,* 418 F.Supp.2d 1112, 1114 (S.D.Iowa 2006) ("Federal case law supplies the basic framework for deciding cases under the ICRA."); *Soto v. John Morrell & Co.,* 285 F.Supp.2d 1146, 1177–78 (N.D.Iowa 2003) ("it is widely accepted in the Eighth Circuit that generally no distinction is made between claims based on federal law and comparable state law claims under the ICRA."); *Pecenka v. Fareway Stores, Inc.,* 672 N.W.2d 800, 803 (Iowa 2003) (Iowa courts traditionally look to federal courts when interpreting the ICRA but "are not bound by federal law, despite consistent utilization of the federal analytical framework."); *Vivian,* 601 N.W.2d at 873 (the Iowa Civil Rights Act is modeled after Title VII).

■ When the law underlying a dispute is well-established and frequently before the court, the necessity of remand is far less compelling. *Compare Conrad v. Iowa Cent. Cmty. College,* 2006 WL 1523137, 2006 U.S. Dist. LEXIS 35533 (N.D. Iowa June 1, 2006) (where court's ruling on unresisted summary judgment motion eliminated federal claims, court declined to exercise supplemental jurisdiction where state law claim was premised on statute that had been interpreted in only one reported state appellate court decision), *with Glandon v. Keokuk County Health Ctr.,* 408 F.Supp.2d 759 (S.D.Iowa 2005) (court retained jurisdiction over state law claim following ruling on summary judgment motion, where state claims were straightforward and the underlying law well-established). The federal courts' frequent application of employment discrimination case law and the propensity of such cases to include both state and federal claims mitigates against remand in this case.

The Court is unable to find an issue that would require it to deviate from the normal pattern of construing state and federal employment discrimination statutes harmoniously. Although the case may involve a new or interesting fact pattern, the Court finds that any novelty in this case would likely arise in the application of those facts to existing law and not in the creation or expansion of the law itself. Accordingly, the Court will not decline to exercise its supplemental jurisdiction because of Krambeck's allegedly novel questions of state law.

## B. Dismissal of All Federal Claims

■ Even in the absence of novel or complex questions of state law, the Court may decline to exercise jurisdiction over state law claims upon dismissal of the claims over which the Court had original jurisdiction. "Under §§ 1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court." *Lindsey v. Dillard's, Inc.,* 306 F.3d 596, 599 (8th Cir.2002). Having granted Krambeck's motion to dismiss her federal claims, the Court now considers the balance of factors informing the exercise of its discretion to remand.

■ The district court's discretion is substantial and is reviewed deferentially. *See Deniz v. Municipality of Guaynabo,* 285 F.3d 142, 150 (1st Cir.2002) (holding that federal district court retains substantial discretion when deciding whether to retain jurisdiction over pendent state claims after the "linchpin" federal claims are dismissed) (citing *Serapion v. Martinez,* 119 F.3d 982, 993 (1st Cir.1997)); *Parker v. Rocco,* 252 F.3d 663, 666 (2d

Cir.2001) ("the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction").

■ The Supreme Court has found that relevant factors for a district court to consider when deciding whether to exercise supplemental jurisdiction include "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Normally, when the federal claims are disposed of before trial, these factors will lead a court to decline to exercise supplemental jurisdiction over the state law claims. *Id.* However, this is not a "mandatory rule to be applied inflexibly in all cases." *Id.*

An exercise of the Court's discretion to remand in this case thus turns on the progress of the case and the involvement of the federal court. The Court's involvement thus far includes review and approval of the scheduling order and several modifications thereto; ruling on a motion to amend the complaint; approval of a protective order; denial of Krambeck's motion to extend expert designation deadlines; and granting stipulated dismissal with prejudice as to five plaintiffs and their respective claims. In addition, Defendants have filed a motion for summary judgment. The Court has granted Krambeck an extension of time to respond until thirty days from the date of this order. Trial is set for December 11, 2006.

Krambeck claims that if the Court grants her motion to dismiss, then the remaining state law claims should be remanded under the general rule in favor of returning state claims to state court when all federal claims are dismissed before trial. *Carnegie–Mellon Univ.,* 484 U.S. at 350, 108 S.Ct. 614. Defendants contend that this rule should be applied flexibly, *id.,* and urge this Court to exercise supple-

mental jurisdiction given the length of the case and its progress in this court.

Krambeck initially claimed the state court could provide a trial date consistent with the presently scheduled trial date. However, Defendants have represented that if the motion to remand is granted, they will file a motion for summary judgment in state court. They argue that the burden on the state court to get a summary judgment motion fully submitted and ruled upon before early December makes a comparable trial date unlikely. In response, Krambeck conceded that there may be some uncertainty now about retaining an early December trial date in state court.

Krambeck also claims the federal court has not yet invested substantial resources in this case because there has been no occasion, such as a summary judgment motion, to consider the merits. At the time Krambeck filed the motion to dismiss and remand, there were no dispositive motions filed, although, as previously noted, a summary judgment motion was filed by Defendants on June 26, 2006. This is consistent with the dispositive motion deadline established in the scheduling order.

Defendants note this case, including discovery, has proceeded under the Federal Rules of Civil Procedure and the local rules of this Court since January 2004, and therefore the case had been pending in federal court for over two years when Krambeck filed her motion to dismiss. CFI claims it has propounded and answered written discovery and either taken or defended the depositions of eleven witnesses, and that remand would be prejudicial given the effort it has expended in the discovery process and preparing dispositive motions.

Krambeck's motion was filed only a few months before the dispositive motion deadline, and Defendants assert that she was

aware Defendants were preparing a summary judgment motion because counsel discussed it on several prior occasions. Defendants are thus concerned that Krambeck is attempting to forum shop and have her claims heard in a state court, which she believes would be less likely to grant summary judgment.

Additionally, CFI tendered an offer of judgment under Federal Rule of Civil Procedure 68 on March 10, 2006, which was rejected. If CFI prevails in this case, it argues it would be entitled to the benefits of Rule 68, which requires the offeree (Krambeck) to pay the costs incurred after the offer was made if the judgment obtained is not more favorable than the terms of the offer.

Krambeck claims the delay in filing her motion was the result of attempting to coordinate a settlement among the many previous plaintiffs. She denies that the Defendants would suffer prejudice from remand, claiming that any discovery would be equally usable in state court and that the Rule 68 offer would still be binding upon remand.

This Court previously considered the present legal issue in *Thelen v. Wakonda Club,* 2004 WL 1737382, No.04–cv–40035 (S.D.Iowa July 23, 2004). There, this Court remanded the remaining state law claims where there was no allegation of novel or complex issues of state law, and the federal claim giving the Court original jurisdiction had been dismissed. The plaintiff's motion to dismiss and remand was filed four months after removal, and although the parties were "moving forward" with discovery, it was in the early stages and the only significant court involvement consisted of approving a scheduling order—a routine procedure essentially performed by the parties.

The advanced progress of discovery, the length of time since removal, and the more substantial involvement of the Court tip the balance of interests closer to retention of jurisdiction here than in *Thelen.* Similar to *Thelen,* however, is the fact that the state law claims here are departing on a motion to dismiss, not summary judgment. *See id.* at *2 (distinguishing voluntary dismissal of claims from a concession of the merits on summary judgment, finding voluntary dismissal weighed in favor of remand) (citing *Hansen v. Sioux By–Products,* 988 F.Supp. 1255, 1261 (N.D.Iowa 1997) (where plaintiff conceded summary judgment on the federal claim eleven months after removal, court found the resources invested in pre-trial administration justified retaining jurisdiction)); *see also Grain Land Coop v. Kar Kim Farms,* 199 F.3d 983, 993 (8th Cir.1999) (when the district court has invested substantial resources in ruling on summary judgment, it is not an abuse of discretion for the court to exercise supplemental jurisdiction, even when all federal claims are disposed of before trial) (citing *Murray v. Wal–Mart, Inc.,* 874 F.2d 555, 558 (8th Cir.1989) (a substantial investment of judicial time and resources may justify a district court's exercise of jurisdiction over state law claims even when all federal claims are dismissed)); *cf. Brandenburg v. Housing Auth. of Irvine,* 253 F.3d 891, 900 (6th Cir.2001) ("the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment."). In addition, while discovery has been completed in this court, the parties conceded that Defendants may use that discovery in state court with little prejudice.

In spite of these concerns, the Court finds the balance of "judicial economy, convenience, fairness, and comity" factors in *Carnegie–Mellon,* 484 U.S. at 350, 108 S.Ct. 614, mitigate in favor of retaining jurisdiction in light of the progress in this Court, both substantively and temporally. While the balance in the *Thelen* case clear-

ly tipped toward remand, a line must be drawn at some point; and the current case appears to rest just to the other side of the fulcrum.

The Court appreciates the reported difficulty faced by Krambeck in coordinating the dismissal of the previous plaintiffs and the time such an endeavor represents, yet the fact remains that the case has progressed for two years in this Court. Contrary to *Thelen*, where the only significant Court involvement was approval of a scheduling order, in the present case the Court has ruled on a motion to amend the complaint, approved a protective order, denied a motion to extend expert designation deadlines, and granted dismissal with prejudice as to five plaintiffs and their respective claims.

In addition, the trial date is now less than four months away and the parties agree that obtaining a comparable date in state court is uncertain. *See Hansen v. Sioux By–Products*, 988 F.Supp. at 1261 (retaining jurisdiction where trial was three months away and it was uncertain whether the state court could accommodate trial in the same time frame); *Tinius v. Carroll County Sheriff Dep't*, 2004 WL 2943846, 2004 U.S. Dist. LEXIS 25461, No. C03–3001 (N.D.Iowa Dec. 17, 2004) (finding uncertain availability of comparable trial date in state court a factor favoring exercise of jurisdiction).

Defendants' concerns about forum shopping may be well founded. This Court has previously determined that the Eighth Circuit does not consider forum shopping concerns prohibitive of remand, *Thelen*, 2004 WL 1737382 at *3; *see Lindsey*, 306 F.3d at 596 (where plaintiff voluntarily dismissed her federal claims and moved for remand immediately upon removal, the court supported district court's decision to remand under § 1367(c) despite evidence of forum manipulation); however, forum shopping remains a relevant, though not dispositive, consideration. *See Carnegie–Mellon Univ.*, 484 U.S. at 357, 108 S.Ct. 614 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.").

Finally, although Krambeck asserts that the Rule 68 offer would be binding on remand, Defendants counter that a state court would not consider a federal procedural rule binding. Defendants claim that the corollary Offer to Confess in state court is different in that it does not permit the recovery of attorney fees, and they further express concern that certain additional costs may not be included in any similar procedural device employed by the state court. The Court shares Defendants' concerns about the applicability of a Federal Rule of Civil Procedure in a state tribunal and finds that the Defendants are entitled to the benefit of their Rule 68 offer, should the outcome on the merits so permit.

## CONCLUSION

The Court finds it appropriate to dismiss Krambeck's federal claims and exercise supplemental jurisdiction over the remaining state law claims. Such a course of action "most sensibly accommodates a range of concerns and values" implicated in this case. *Carnegie–Mellon Univ.*, 484 U.S. at 357, 108 S.Ct. 614. For the aforementioned reasons, Krambeck's Motion to Dismiss All Federal Claims and Remove and Remand Case Back to Iowa District Court (Clerk's No. 36) is **granted in part and denied in part**. Her federal claims are dismissed with prejudice, and her motion to remand the case to Iowa District Court for Polk County is denied. The Court will retain supplemental jurisdiction over the ICRA claims. Krambeck shall have thirty days from the date of this

order to respond to the pending motion for summary judgment.

IT IS SO ORDERED.