Gene ROUSE and Doyle Wilson,
Plaintiffs/Counterclaim
Defendants,

v.

WALTER & ASSOCIATES, L.L.C., and
Marvin J. Walter, Defendants/Counter
Claimant/Third–Party Plaintiffs,

v.

Biotronics, Inc., and Viren Amin,
Third–Party Defendants.

No. 4:05–cv–00440–JEG.

United States District Court,
S.D. Iowa,
Central Division.

May 9, 2007.

Brian William Hayes, Carlson Caspers Vandenburgh & Lindquist PA, Minneapolis, MN, for Plaintiffs.

Larry R. Curtis, Pasley & Singer Law Firm LLP, Ames, IA, for Plaintiffs/Third–Party Defendants/Counterclaim Defendants.

Sharon S. Greer, Cartwright Druker & Ryden, Marshalltown, IA, for Third–Party Defendant/Counterclaim Defendants.

Barry J. Nadler, Nyemaster Goode Voigts West Hansell & O'Brien PC, Des Moines, IA, for Defendants/Counter Claimant.

Debra Lynne Hulett, Randall D. Armentrout, Nyemaster Goode Voigts West Hansell & O'Brien PC, Des Moines, IA, for Defendants/Counter Claimant/Third–Party Plaintiffs.

### ORDER

GRITZNER, District Judge.

This matter is before the Court on Defendant Walter & Associates' and Defendant Marvin Walter's Motion to Dismiss and For Leave to File Third Amended Answer to Plaintiffs' First Amended Complaint, which Plaintiffs resist. A telephonic hearing was held on the motion on April 16, 2007. Plaintiffs and Third–Party Defendant Viren Amin were represented by attorney Brian Hayes. Defendants were represented by attorneys Debra Hulett and Randall Armentrout. Third–Party Defendant Biotronics was represented by attorney Sharon Greer. The matter is now fully submitted for review.

## I. PERTINENT FACTS[1]

Plaintiffs Dr. Gene Rouse and Dr. Doyle Wilson were employed by Iowa State University of Science and Technology. Defendant Walter & Associates, L.L.C., markets and provides agricultural consulting services through the United States, Canada, and Latin America. Defendant Marvin J. Walter is President of Walter & Associates, L.L.C. Third–Party Defendant Biotronics, Inc., is a corporation that was formed in 1998 by Amin, Rouse, Wilson, and Craig Hayes. Third–Party Defendant Dr. Viren Amin is an associate scientist with the ISU Department of Animal Science.

Plaintiffs Rouse and Wilson, as faculty members at ISU, began a large research project in the late 1980s, researching the ability to use an ultrasound machine to scan cattle in order to determine the quality of the beef on live cattle before the cattle are slaughtered. This research resulted in the development of live animal intramuscular fat prediction software ("LAIPS"), which ISU began to license to others. In the 1990s, Rouse and Wilson asked Amin, a graduate assistant and fellow ISU employee, to develop a small piece of software that would allow the LAIPS program to run on ISU's faster computers. Amin drafted USOFT in response to this request. Plaintiffs contend that along with Amin, they are, and at all relevant times have been, the joint owners of the United States copyright to the ultrasound processing software entitled USOFT.[2]

Using these software programs, ISU ran a centralized ultrasound processing ("CUP") lab from 1998 through 2000. Due to the volume of scans the CUP lab was processing, in 2000 ISU was concerned their CUP lab would be competing with private industry, so the decision was made to transition the CUP lab from ISU to the private sector. Defendant Marvin Walter was approached to take the CUP lab into the private sector. The Iowa State University Research Foundation ("ISURF") handles the licensing of intellectual property for ISU, and they became in-

---

1. The Court's factual findings are based upon the current record and are made for purposes of the current motion only.

2. Plaintiffs assert they have applied to the Register of Copyrights for USOFT to be issued a valid Certificate of Copyright Registration.

volved in the negotiation of a licensing agreement to Walter & Associates. Defendants contend that ISURF represented to Marvin Walter that the licensing agreement would include software that had everything needed to operate the CUP lab in the private setting. The licensing agreement was signed in early 2001. A package of software, which included the USOFT program, was delivered to Walter & Associates, and Walter & Associates began using the software and operating for profit in the private sector doing the same ultrasound scanning of cattle that had been done at ISU.[3]

In 2005, Rouse and Wilson sent a cease and desist letter to Walter, claiming that USOFT was independently owned by them. Defendants contend this information is shocking to them and possibly even ISURF. Walter & Associates refused to discontinue their use of the USOFT program.

## II. PROCEDURAL HISTORY

On August 1, 2005, Plaintiffs filed a Complaint against Walter & Associates, alleging a single claim of copyright infringement based on Walter & Associates' use of the USOFT software. On August 31, 2005, Walter & Associates filed an Answer and included counterclaims against Rouse, Wilson, and Biotronics for declaratory judgment, tortious interference with contract, tortious interference with prospective business relationship, and slander per se. On January 30, 2006, Plaintiffs filed a First Amended Complaint, adding Marvin Walter as a Defendant. On February 20, 2006, Walter & Associates and Walter filed an Answer to the First Amended Complaint and again asserted the same counterclaims against Rouse, Wilson, and Biotronics. On September 20, 2006, Defendants filed a Motion for Leave to Amend Answer and File Third–Party Complaint, which Plaintiffs resisted. Hearing was held on the matter on October 4, 2006, and Magistrate Judge Celeste Bremer determined that De-

fendants had established good cause to allow the Amended Answer to be filed. The Amended Answer was filed on October 9, 2006, and added Amin as a necessary party to the declaratory judgment claim, added a claim of negligent misrepresentation against Rouse and Wilson, added ISURF as a third-party defendant based on claims of fraud, negligent misrepresentation, breach of contract, and indemnity, and conformed its counterclaim to the information Defendants had subsequently learned during the course of discovery.

On November 9, 2006, Defendants filed an Unresisted Motion for Leave to File Second Amended Answer, seeking to amend its answer to clarify its answer to paragraph 20 of the First Amended Complaint and to remove the affirmative defense that the copyright at issue has been assigned. The motion was granted on November 20, 2006, and the Second Amended Answer was filed on December 11, 2006.[4]

On February 5 and 6, 2007, depositions were conducted on Rouse and Wilson. Defendants learned during these depositions that Rouse and Wilson had provided ISURF with a list of software programs that could be used to operate a CUP lab. At some time after these depositions took place, Defendants learned that on January 2, 2001, Nita Lovejoy of ISURF had contacted Amin regarding obtaining USOFT for use in Walter & Associates' CUP lab. Lovejoy states in her February 9, 2007, affidavit that Amin represented to her that USOFT was "free to anyone who wants it."

On February 9, 2007, Defendants/Third–Party Plaintiffs Walter & Associates and Marvin Walter and Third–Party Defendant ISURF filed a Joint Motion for Dismissal With Prejudice, pursuant to a settlement agreement these parties had entered. The Court granted the Joint Motion for Dismissal with Prejudice on February 12, and Third–

---

**3.** The parties do not dispute that when Walter & Associates was formed, it leased several personal computers from Iowa State University's Department of Animal Science in order to get the CUP laboratory up and running; these computers contained copies of the USOFT software programs on their hard drives.

**4.** There is no explanation regarding why it took the Clerk's Office three weeks to file the Second Amended Answer per the Court's order.

Party Defendant ISURF was dismissed from the case with prejudice.

On March 23, 2007, Defendants filed the present Motion to Dismiss and for Leave to File Third Amended Answer, arguing that their recent discovery that Amin was the person who represented that USOFT was in the public domain necessitated amendments to their Answer to the First Amended Complaint. Specifically, Defendants requested leave to do the following: amend the answer to paragraph 20 of Plaintiffs' First Amended Complaint to account for recent changes in Walter & Associates' use of USOFT; add as an affirmative defense that the USOFT copyright owner assigned the USOFT copyright to Walter & Associates; add to the Third–Party Complaint a claim of negligent misrepresentation against Amin; dismiss Biotronics as a party; and dismiss the counterclaims of tortious interference with contract, tortious interference with prospective business relationship, and slander per se against Rouse and Wilson. Defendants requested the dismissals be without prejudice.

Plaintiffs and Third–Party Defendants partially resisted the motion. They argue that good cause does not exist for the addition of count two against Amin, Amin would suffer great prejudice from the addition of count two, and the dismissal of counts two through four against Rouse and Wilson, and the dismissal of Biotronics as a party, should be with prejudice.

### III. DISCUSSION

#### A. Rule 15(a) Motion to Amend

■ A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. Pro. 15(a). Leave to amend pleadings is granted or denied at the discretion of the trial court. *Wald v. Sw. Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1005 (8th Cir.1996) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir.1994)). Amendment should be freely granted, but denial is appropriate if such amendment would be futile. *Id.* "There is no absolute or automatic right to amend." *Williams*, 21 F.3d at 224 (citing *Thompson–El v. Jones*, 876 F.2d 66, 67–68 (8th Cir. 1989)). A trial court's decision on a motion to amend will be reviewed for an abuse of discretion. *Id.*

■ Plaintiffs argue that Defendants' assertion that they just recently learned it was Amin who represented to Lovejoy that USOFT was "free to anyone who wants it" is false, stating that the only document that supports Defendants' new claim against Amin, document number ISU002652, was produced to both parties by ISURF in April of 2006. Plaintiffs argue the fact that this document was subsequently connected to Lovejoy's deposition does not shield Defendants from their own failure to review the documents in question, or to depose Lovejoy prior to this date. Plaintiffs argue Amin would be prejudiced because he would be exposed to liability but acknowledge that if the amendment to add a claim against Amin is not allowed, nothing would prevent Defendants from filing a separate action against Amin on the same basis. Plaintiffs also argue that Amin has not had a chance to conduct his own discovery, although there is no dispute that Amin, as a party to the declaratory judgment claim brought by Defendants, has been represented by attorney Brian Hayes, and that the parties have had the opportunity to depose Lovejoy regarding document number ISU0002652.

Defendants assert that while they have had document ISU002652 in their possession since April of 2006, there was no information regarding who wrote the handwritten notes

on the document. It is these handwritten notes that indicate "free to anyone who want it" next to Amin's name on the document. Defendants contend that once they deposed Lovejoy in February, they learned for the first time that she was the one who made the handwritten notes, and she indicated that, indeed, Amin had told her that USOFT was free to anyone who wants it. Defendants argue that good cause exists to reopen the pleadings to amend Walter & Associates' Answer and Counterclaims to reflect what has been recently learned through discovery, and that the proposed amendments would not impact the October 15, 2007, trial date.

The Court has reviewed document ISU002652 and cannot conclude that this document, standing alone, would have put Defendants on notice that Amin made the representation that USOFT was "free to anyone who wants it." First, the first two words of the handwritten notation that states "free to anyone who wants it" are somewhat illegible, although subsequently learning what those words are clarifies what was written. Second, there is no information on the document regarding the author of the notes. With Lovejoy's recent statement that she is the author and that Amin told her the software was "free to" anyone who wants it, it becomes clear what the document purports to demonstrate. Defendants conducted the deposition of Rouse and Wilson and obtained the information from Lovejoy within the time period set for discovery and promptly thereafter filed the Motion to Amend based on the information that was learned through discovery. The Court finds reopening the pleadings to allow the Third Amended Answer is in the interest of justice and without undue prejudice to any party. The Motion to Amend will therefore granted.

**B. Rule 41(a) Motion to Dismiss**

 Rule 41(a)(2) states in pertinent part,

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2). " 'It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.' " *Great Rivers Co-op. of Southeastern Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir.1999) (quoting *United States v. Gunc*, 435 F.2d 465, 467 (8th Cir.1970)). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir.1999) (internal citations omitted).

 "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir.1987). "Rule 41(a), which, in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.' " *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001); *see also Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir.1999) ("When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of res judicata.").

 Defendants have moved to dismiss Biotronics as a party, and to dismiss the counterclaims of tortious interference with contract, tortious interference with prospective business relationship, and slander per se against Rouse and Wilson. Out of an abundance of caution, rather than a specific cur-

rent legal issue,[5] Defendants request these dismissals be without prejudice. Plaintiffs and Third–Party Defendants do not object to the requested dismissals; however, they assert that because substantial resources have been expended in defending this case to date, the dismissals should be with prejudice. The parties note that if the claims are dismissed without prejudice, Defendants could re-file their counterclaims and/or third-party action as separate actions at a later date and initiate more protracted, expensive, and duplicative litigation.

In offering an explanation for the requested dismissals, counsel for Defendants explained at hearing that it was his belief that a party has an obligation to dispose of claims that are not viable before the litigation reaches the summary judgment and/or trial stages. Counsel stated that after reviewing the entirety of Defendants' pleadings, it was determined there were several claims on which they did not believe they would be able to prove up a large or significant amount of damages. It was therefore decided to voluntarily dismiss some of the counterclaims, specifically, the claims for interference with contract, interference with prospective business, and slander per se, as well as the third-party action. This is a legitimate explanation for seeking a dismissal. However, if the Court dismissed the claims without prejudice, Defendants could potentially bring these same claims at some point in time down the line, despite the other parties having already spent time, energy, and money in the present action defending the claims, all of which may be of diminished or no value upon later re-litigation of the same matters.

Given the basis of Defendants' request for a dismissal of the counterclaims specified, the Court concludes a dismissal is warranted. Based upon the time, money, and effort already invested by Plaintiffs defending these counterclaims, and Defendants' representation that establishing significant damages for these claims is unlikely, the Court finds, pursuant to the provisions of Federal Rule of Civil Procedure 41(a)(2), that it is a reasonable condition that the dismissals be with prejudice.

5. This posture was clarified by the Court during oral argument.

## CONCLUSION

As discussed above, Defendants' Motion to Dismiss (Clerk's No. 77) is **granted**; the counterclaims of tortious interference with contract, tortious interference with prospective business relationship, and slander per se against Gene Rouse and Doyle Wilson are **dismissed with prejudice**. The claim against Third–Party Defendant Biotronics, Inc., is **dismissed with prejudice**. Defendants' Motion For Leave to Amend (Clerk's No. 77) is **granted**; the Clerk of Court shall file the Third Amended Answer to Plaintiffs' First Amended Complaint attached to the motion (Clerk's No. 77).

**IT IS SO ORDERED.**