David QUICK, Plaintiff,

v.

EMCO ENTERPRISES, INC., and Andersen Corporation, Defendants.

No. 4:07–cv–00579–JEG–TJS.

United States District Court, S.D. Iowa, Central Division.

April 29, 2008.

Jill M. Zwagerman, Thomas Andrew Newkirk, Fiedler & Newkirk PLC, Urbandale, IA, for Plaintiff.

James R. Swanger, Christopher L. McDonald, Belin Lamson McCormick Zumbach Flynn, Des Moines, IA, for Defendants.

## ORDER

JAMES E. GRITZNER, District Judge.

This matter comes before the Court on the consolidated motions of Plaintiff David Quick (Quick) to dismiss his claim under the Family Medical Leave Act (FMLA) and to remand his case to state court (Clerk's No. 2). Defendants EMCO Enterprises, Inc., and Andersen Corporation (Defendants) resist Quick's motions. The parties have not requested a hearing. and the Court finds no hearing is necessary for the resolution of these motions. The matter is fully submitted and ready for disposition.

## I. BACKGROUND

On August 30, 2006, Quick filed his Petition against the Defendants in the Iowa District Court for Polk County, alleging discrimination, harassment, and retaliation based on sex and sexual orientation under Chapter 216 of the Iowa Civil Rights Act and the City of Des Moines Municipal Code. On October 16, 2006, Defendants filed their answer and affirmative defenses. The state court entered a scheduling order and set a May 2008 trial date. The state court also entered several rulings on discovery and other matters in the case.

On December 4, 2007, Quick amended his petition adding an FMLA claim. Based on the amended petition, on December 19, 2007, Defendants timely removed this case to federal court pursuant to 28 U.S.C. § 1446(b). On December 20, 2007, Quick filed the present motions. Quick asserts the Court should dismiss his FMLA claim without prejudice because his failing emotional health would benefit from an expeditious resolution, and he further asserts that "if the case is kept on the Federal Court's docket, Plaintiff will not likely receive a trial until mid 2009, and would therefore rather give up a claim under the FMLA to keep his current trial date in State Court." Quick asserts that dismissal of his FMLA claim will remove all claims over which this Court has original jurisdiction, and thus he requests the Court remand the case pursuant to 28 U.S.C. § 1367(c) to allow the Iowa state court to address harassment and retaliation based on sexual orientation, which are issues of first impression under Iowa law for which there is no corresponding federal law.

Defendants resist Quick's motion, asserting Quick added the FMLA claim on the very last day permitted by the scheduling order in an attempt to manipulate the forum in which his claim will be resolved. Therefore, Defendants alternatively request the Court (1) deny the dismissal, (2) grant the dismissal without prejudice and require Quick to pay the removal and attorney fees incurred in

removing the action and resisting the motions, or (3) grant the dismissal with prejudice. Defendants also argue Quick's motion to remand should be denied.

## II. DISCUSSION

### A. Motion to Dismiss Federal Claims

 Quick relies on Federal Rule of Civil Procedure 41(a), which allows for voluntary dismissal by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See* Fed.R.Civ.P. 41(a)(1)(A)(i).

Quick argues he filed his motion to dismiss prior to Defendants filing an answer to the amended complaint, and therefore he was within his rights to voluntarily dismiss the claim under Rule 41(a)(1)(A)(i). Quick asserts Defendants were not prejudiced because he filed the motion to dismiss one day after Defendants removed the case to federal court, and Defendants have spent no time and effort in defending the FMLA claim as evidence by Defendants refusal to provide information regarding FMLA issues during depositions conducted prior to the addition of the FMLA claim.

Defendants assert Quick's motion should be denied because Defendants answered Quick's original petition on October 16, 2006. Defendants argue once an answer was served, even to a prior pleading, Quick was foreclosed from dismissing his claim as a matter of right under Rule 41(a)(1)(A)(i). Defendants further argue Quick's attempt to manipulate the forum, by amending the complaint right before the deadline, mandates his motion be denied as Quick seeks dismissal merely to get the case in a more favorable forum.[1]

It appears the Eighth Circuit has not directly addressed the issue of whether filing an answer to an original complaint, but not to the amended complaint, is sufficient to preclude the plaintiff from voluntarily dismissing a claim as a matter of right pursuant to Rule 41(a)(1)(A)(i). In *Armstrong v. The Frostie*

---

1. Defendants assert their use of the word "manipulate" is not meant to impute ill will or improper motive to Plaintiff's actions; rather, they merely use the term as used in the relevant

authority. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

*Company,* however, the Fourth Circuit rejected the plaintiff's argument that he can voluntarily dismiss as a matter of right where the defendant filed an answer to the original complaint but not the amended complaint. *See Armstrong v. The Frostie Co.,* 453 F.2d 914, 916 (4th Cir.1971). The *Armstrong* court explained,

> Rule 41(a)(1)(A)(i) is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant expended time and effort in the preparation of his case. Once the defendant has filed an answer or a motion for summary judgment, which normally is marked by extensive preparation, granting dismissal without prejudice becomes discretionary with the court.

*Id.* The Court finds the *Armstrong* rationale applies here.[2] Quick lost his ability to voluntarily dismiss his claim as a matter of right under Rule 41(a)(1) when Defendants filed an answer to Quick's original petition.

■■■ Although the Court finds Quick is precluded from dismissing his claim under Rule 41(a)(1), the Court has the authority to dismiss the claim under Rule 41(a)(2), which states, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision to grant or deny a motion to voluntarily dismiss a claim rests within the sound discretion of the court. *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.,* 187 F.3d 941, 950 (8th Cir.1999); *see Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir.2005). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm,* 187 F.3d at 950 (internal citations omitted). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir.1987).

■■■ The Court finds no such unfairness to merit denial of Plaintiff's motion to dismiss. Here, Quick has not extensively litigated the FMLA claim in this Court. *See Foster v. City of Newport,* No. 4:06–cv–00523, 2006 WL 3593469, at *1 (E.D.Ark. Dec.8, 2006) (granting the plaintiff's motion for voluntary dismissal because it was relatively early in the progression of the case). Also, Quick did not put Defendants to the burden of defending the FMLA claim as the motion to dismiss was filed one day after removal, and the FMLA claim is separate from the sexual orientation and sex discrimination, harassment, and retaliation claims. Defendants have not expended a lot of effort and expense preparing for the FMLA claim and have not filed a motion for summary judgment that would require the merits of the claims to be litigated. *See Beavers v. Bretherick,* 227 Fed.Appx. 518, 522 (8th Cir.2007). Therefore, the Court finds a dismissal of Quick's claim would not result in a waste of judicial time and effort and will not prejudice the Defendants.

Defendants argue the Court should deny the motion to dismiss because Quick is forum shopping. *See, e.g., Hamm,* 187 F.3d at 950 (finding that a party "is not permitted to dismiss merely ... to seek a more favorable forum"). It does not appear Quick is dismissing his claim merely to seek a more favorable forum. Quick has produced several reasons why he seeks to dismiss the FMLA claim, including (1) the extensive litigation that has already occurred in state court over the past year and a half, (2) the approaching trial date in the state district court, and (3) his fragile mental health.

The Court finds Quick has adequately explained the basis for his motion to dismiss, there has been little waste of judicial effort, and little or no prejudice to the Defendants. Of course Quick seeks to return to the forum in which he filed the FMLA claim in the first place, and from which the Defendants have now sought a forum they prefer. For the foregoing reasons, the Court **grants** Quick's

---

**2.** Rule 41(a) is silent regarding the circumstances of removal, thus creating no distinction between a prior answer or motion in the state court and one made in response to the amended claims in this Court.

motion to dismiss his FMLA claim without prejudice.

## B. Imposition of Costs

▮ Rule 41(a)(2) clearly allows the Court to enter an order dismissing an action without prejudice, "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Defendants, citing *Sequa Corp. v. Cooper,* 245 F.3d 1036, 1038 (8th Cir.2001), *Rouse v. Walter & Associates, LLC,* 242 F.R.D. 519, 524 (S.D.Iowa 2007), and *Galva Union Elevator Co. v. Chicago & North Western Transportation Co.,* 498 F.Supp. 26, 27–28 (N.D.Iowa 1980), argue that if the Court allows dismissal to be without prejudice, the Court should condition the dismissal without prejudice upon Quick paying the costs and attorney fees incurred in removing the action to federal court. The Court is not persuaded.

*Sequa* is distinguishable because the plaintiff gave notice of dismissal without prejudice, "after discovery battles and other skirmishes," and thus the Eighth Circuit found the district court did not abuse its discretion in granting costs because "defendants incurred costs in defending the action before [the plaintiff] took its voluntary dismissal." *Sequa,* 245 F.3d at 1037–38. In *Rouse,* this Court held voluntary dismissal of counterclaims had to be dismissed with prejudice, because "Defendants could potentially bring these same claims at some point in time down the line, despite the other parties having already spent time, energy, and money in the present action defending the claims." *Rouse,* 242 F.R.D. at 524. *Rouse* is distinguishable because here Defendants have not spent a lot of time and expense defending the FMLA claim.

Defendants assert *Galva Union* is the most analogous case because the *Galva Union* court permitted dismissal without prejudice conditioned upon the plaintiff paying defendant's attorney fees for the time and effort spent in removing the matter and in resisting the motion for voluntary dismissal. *Galva Union,* 498 F.Supp. at 27–28. Unlike the present case, *Galva Union* involved a plaintiff's motion to voluntarily dismiss with the intention of adding resident defendants to defeat diversity jurisdiction and recom-

mence the action in state court. *Id.* at 27; *see Johnson v. Pharmacia & Upjohn Co.,* 192 F.R.D. 226, 229 (W.D.Mich.1999) (noting the *Galva Union* court "[rejected] the defendant's contention that plaintiff's desire to add a nondiverse defendant in state court action to defeat federal jurisdiction required denial of motion for voluntary dismissal").

Furthermore, the court in *Cauley v. Wilson,* citing *Galva Union* with approval, stated, ("[i]n a case without prejudice ... the defendant may have to defend again at a later time and incur duplicative legal expenses. Thus, the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim."). *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985) (internal citations omitted). Here, Defendants have not shown, nor does the Court find, that Defendants have created work product in defending Quick's FMLA claim.

For the foregoing reasons, the Court in its discretion will not condition Quick's dismissal without prejudice upon the payment of Defendants' removal cost and attorney fees.

## C. Motion to Remand Remaining Claims

Having granted Quick's motion to dismiss his federal claims, the Court now considers the balance of factors informing the exercise of its discretion to remand. In the absence of federal claims, whether the Court should retain jurisdiction depends upon construction of its supplemental jurisdiction under 28 U.S.C. § 1367, which provides in relevant part as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Quick urges the Court to decline to exercise its supplemental jurisdiction and to remand the case under § 1367(c)(1), asserting his claims raise novel issues of state and municipal law and dismissal of his FMLA claim will remove all claims over which this Court has original jurisdiction.

### 1. Novel or Complex Issues of State Law

Quick's remaining claims for discrimination, harassment, and retaliation based on sex and sexual orientation are brought under Chapter 216 of the Iowa Civil Rights Act and the City of Des Moines Municipal Code. Quick's claim of sexual orientation discrimination is brought solely under the City of Des Moines Municipal Code. Quick argues the issue of sexual orientation discrimination and harassment under the municipal code is an issue of first impression and one that is appropriate for the Iowa state courts, as there is no corresponding federal law. Quick asserts the issue of sexual orientation discrimination and harassment has never been litigated in Iowa state courts. Quick also asserts that he was one of the first individuals to receive a right to sue letter from the City of Des Moines Human Rights Commission.

■ "[N]ovel, complex, and important issues of state law on which the [state] appellate courts have given us little or no prior guidance ... are precisely the types of issues as to which federal courts should hesitate to exercise § 1367 supplemental jurisdiction."

*Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1038 (8th Cir.1999) (citations omitted); *see also Saeemodarae v. Mercy Health Servs.*, 456 F.Supp.2d 1021, 1043 (N.D.Iowa 2006) ("[E]xcept where other factors weigh strongly in favor of exercising supplemental jurisdiction, the court believes that interpretation of a state statute as a matter of first impression should be left to the state courts."). A federal district court has ample discretion to dismiss novel or complex issues of state law. *Am. Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098 (8th Cir.1999).

■ Several courts have declined to assert supplemental jurisdiction where, as apparently here, the claim raises a novel issue of state law. *See Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir.1997) (finding that novel issues required the plaintiff's pendent claims to be dismissed); *Fielder*, 188 F.3d at 1038; *Saeemodarae*, 456 F.Supp.2d at 1043 ("Both parties are in Iowa and have access to Iowa courts, and it is more economical for the courts charged with interpreting Iowa law to pass on issues of first impression under Iowa law in the first instance."); *Conrad v. Iowa Cent. Cmty. Coll.*, No. C05–3017, 2006 WL 1523137, at *3 (N.D. Iowa June 1, 2006) ("[Plaintiff's claim] is a novel claim such that the state court is the preferred forum pursuant to § 1367(c)(3).").

Because Quick asserts sexual orientation discrimination under the City of Des Moines Municipal Code, and Iowa courts have not provided guidance concerning this issue, the Court declines to exercise supplemental jurisdiction over the remaining claims.

### 2. Dismissal of All Federal Claims

Even if the Court did not find this case involved a novel issue of state law, the Court may decline to exercise jurisdiction over state law claims upon dismissal of the claims over which the Court had original jurisdiction. "Under §§ 1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court." *Lind-*

*sey v. Dillard's, Inc.,* 306 F.3d 596, 599 (8th Cir.2002).

When making this determination, the court balances the interest of judicial economy, convenience, fairness, and comity. *Grain Land Coop v. Kar Kim Farms, Inc.,* 199 F.3d 983, 993 (8th Cir.1999). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray County,* 420 F.3d 880, 888 (8th Cir.2005) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

Quick argues the parties have not spent a lot of time in federal court, and the Court has not yet invested substantial resources because Quick filed the motion to dismiss one day after Defendants removed this case. Quick asserts retaining supplemental jurisdiction is not in the interest of judicial economy for the Court or the parties as the state district court conducted extensive discovery and several issues have been considered and ruled upon. Quick also asserts he is not in good mental health, thus he does not want to delay the resolution of his claims, and if the case is kept on the federal court docket, he will likely not receive a trial date until mid 2009, which is four and one-half years after he filed his initial complaint with the Des Moines Human Rights Commission.

This Court considered the present legal issue in *Thelen v. Wakonda Club,* No.4:04–cv–40035, 2004 WL 1737382 (S.D.Iowa July 23, 2004), and *Krambeck v. Children & Families of Iowa, Inc.,* 451 F.Supp.2d 1037 (S.D.Iowa 2006). In *Thelen,* this Court remanded the remaining state law claims after the federal claim giving the Court original jurisdiction was dismissed finding (1) the plaintiff's motion to dismiss and remand was filed four months after removal, (2) the parties were in the early stage of discovery, and (3) the only significant court involvement consisted of approving a scheduling order. *Thelen,* 2004 WL 1737382, at *2.

The present case is similar to *Thelen,* as no significant court involvement has taken place; in fact, the Court has yet to approve a scheduling order. Also, like *Thelen,* the state law claims are departing on a motion to dismiss, not summary judgment. *See id.* (distinguishing voluntary dismissal of claims from a concession of the merits on summary judgment, finding voluntary dismissal weighed in favor of remand) (citing *Hansen v. Sioux By–Products,* 988 F.Supp. 1255, 1261 (N.D.Iowa 1997) (where plaintiff conceded summary judgment on the federal claim eleven months after removal, court found the resources invested in pre-trial administration justified retaining jurisdiction)).

In *Krambeck,* this Court retained jurisdiction over the remaining state law claims, stating, "[w]hile the balance in the *Thelen* case clearly tipped toward remand, a line must be drawn at some point; and the current case appears to rest just to the other side of the fulcrum." *Krambeck,* 451 F.Supp.2d at 1044–45. Prior to the motion to dismiss and remand, this Court's involvement in *Krambeck* included "review and approval of the scheduling order" and "ruling on a motion to amend the complaint; approval of a protective order; denial of Krambeck's motion to extend expert designation deadlines; and granting stipulated dismissal with prejudice as to five plaintiffs and their respective claims." *Id.* at 1043. The Court's involvement in *Krambeck* can be sharply contrasted with the diminutive court involvement in the present case.

When analyzing judicial economy, it is proper to consider whether there will be a timely resolution of the matter. *See Krambeck,* 451 F.Supp.2d at 1045 (finding factors favoring retention included the trial being less than four months away and obtaining a comparable date in state court was uncertain (citing *Hansen,* 988 F.Supp. at 1261 (retaining jurisdiction where trial was three months away and it was uncertain whether the state court could accommodate trial in the same time frame))); *see also Tinius v. Carroll County Sheriff Dep't,* No. C03–3001, 2004 WL 2943846, at *3 (N.D.Iowa Dec.17, 2004) (finding uncertain availability of comparable trial date in state court a factor favoring

exercise of jurisdiction). In the present case, judicial economy weighs against retaining supplemental jurisdiction because it is uncertain when a federal court trial will be scheduled, and the state district court has already set a May 2008 trial date.

Comity and fairness also mandate that the remaining claims be remanded to state court, as this case involves novel issues. *See Saeemodarae,* 456 F.Supp.2d at 1043–44 (finding "comity strongly suggests that the court should decline" to consider the remaining claims as they involved novel issues of state law, and concluding "fairness dictates that [the court] should decline to exercise supplemental jurisdiction" because it was more fair to the parties for Iowa appellate courts to have the first say).

Defendants argue that under *Carnegie–Mellon,* the Court should consider whether Quick attempted to "manipulate the forum" by "deleting all federal claims from the complaint and requesting that the district court remand the case." *Carnegie–Mellon,* 484 U.S. at 357, 108 S.Ct. 614. "This Court has previously determined that the Eighth Circuit does not consider forum shopping concerns prohibitive of remand." *Krambeck,* 451 F.Supp.2d at 1045 (citing *Thelen,* 2004 WL 1737382, at *3). Forum shopping remains a relevant, though not dispositive, consideration. *Krambeck,* 451 F.Supp.2d at 1045 (citing *Carnegie–Mellon,* 484 U.S. at 357, 108 S.Ct. 614 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.")). As stated above, Quick has provided several reasons for seeking to remand his claim other than merely seeking a more favorable forum and seeks a return to the original choice of forum prior to the Defendants' removal opportunity.

The Court finds the balance of "judicial economy, convenience, fairness, and comity" weigh against retaining supplemental jurisdiction over the remaining claims in light of the lack progress in this Court, both substantively and temporally, and the novel issue involved. Therefore, the remaining claims are **remanded.**

## III. CONCLUSION

For the foregoing reasons, Quick's Motion to Dismiss and Remand (Clerk's No. 2) is **granted,** and this case is **remanded** to the Iowa District Court for Polk County pursuant to 28 U.S.C. § 1367(c)(1) and (3).

**IT IS SO ORDERED.**

