Jeno F. **PAULUCCI** and Lois Paulucci, Appellants,

v.

**CITY OF DULUTH** and Lake Superior Paper Industries, Appellees.

No. 86–5452.

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1987.

Decided Aug. 20, 1987.

Frank R. Berman, Minneapolis, Minn., for appellants.

Paul F. Schweiger, Duluth, Minn., for appellees.

Before McMILLIAN, Circuit Judge, FAIRCHILD,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

Jeno F. Paulucci and Lois Paulucci (the Pauluccis) appeal from a final judgment entered in the District Court[1] for the District of Minnesota denying their motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2) and granting summary judgment in favor of the City of Duluth (the City) and

Lake Superior Paper Industries (LSPI). *Paulucci v. City of Duluth,* No. Civ. 5–86–99 (D.Minn. Oct. 30, 1986). The Pauluccis alleged that the City's taking of their property for a non-public use violated their Fifth and Fourteenth Amendment rights. For reversal, the Pauluccis argue that the district court (1) abused its discretion in failing to consider whether an award of attorney's fees and costs would eliminate any prejudice the City and LSPI would suffer as a result of the voluntary dismissal, (2) abused its discretion in holding that certain expenses incurred by the City and LSPI justified the denial of their motion to voluntarily dismiss, and (3) erred in granting summary judgment in favor of the City and LSPI on res judicata (claim preclusion) and collateral estoppel (issue preclusion) grounds because there was no final judgment in the state court action. For the reasons discussed below, we affirm the judgment of the district court.

The Pauluccis, residents of the City, owned property which the City sought to acquire in order that LSPI could build a paper mill on the site. The City contended that the paper mill would benefit the economically depressed area of Northern Minnesota by providing employment for area residents. The City brought an eminent domain action in state court under Minnesota's "quick-take statute." Minn. Stat. § 117.042. LSPI and the Pauluccis filed objections to the condemnation. LSPI moved to intervene and the state trial court granted the unopposed motion. The state trial court scheduled the evidentiary hearing for April 18, 1986. Prior to this date, on April 14, 1986, the Pauluccis filed an affidavit requesting the removal of the state trial judge. After conference with counsel, the judge recused himself.

The next day, on April 15, 1986, the Pauluccis removed the case from state court to federal court. Following oral argument on the joint motion of the City and

---

* The Honorable Thomas E. Fairchild, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

LSPI for remand to the state court, the district court remanded the case to the state court. The Pauluccis' petition to the Eighth Circuit for a writ of mandamus and prohibition was denied.

On May 6, 1986, the state trial court held a condemnation hearing on the limited issues of public use and necessity and the City's compliance with statutory and legal requirements. On June 6, 1986, the state trial court rendered its decision, finding sufficient authority and public necessity for the City's taking of the Pauluccis' land. The Minnesota Supreme Court granted accelerated review on appeal, bypassing the Minnesota Court of Appeals. The Minnesota Supreme Court heard argument on July 6, 1986, and affirmed the decision of the state trial court on the same date. *City of Duluth v. State* 390 N.W.2d 757 (Minn. 1986).

On July 5, 1986, the state trial court issued an order appointing commissioners to hear arguments on the value of the property. As of the date of the filing of the briefs in this case, the hearing had not been completed.

The Pauluccis began the present action in federal district court on April 17, 1986. They alleged an unauthorized, illegal and unconstitutional taking of their property by the City in violation of the Fifth and Fourteenth Amendments. They alleged also that LSPI wrongly caused the City to take the land for LSPI's "sole private use.". The City and LSPI filed answers. On July 15, 1986, the Pauluccis filed a proposed amended complaint, which added new claims of trespass and conspiracy, and sought damages and declaratory and injunctive relief.

On August 7, 1986, the City filed a motion for dismissal under Fed.R.Civ.P. 12(b)(6) or for summary judgment on the grounds that the complaint was barred by collateral estoppel and res judicata. On August 8, 1986, LSPI filed a motion for dismissal or in the alternative for summary judgment, contending that the amended complaint failed to state a claim against LSPI. LSPI also sought attorney's fees and costs.

On August 15, 1986, the Pauluccis withdrew their motion to amend their complaint. On the same day, they filed a motion to voluntarily dismiss their action under Fed.R.Civ. 41(a)(2).[2]

The district court denied the motion for voluntary dismissal. The court, ruling from the bench, stated that the City and LSPI had been prejudiced by "considerable expenses, not only in connection with prior legal proceedings, but in connection with a summary judgment motion and hearing, and in connection with discovery supporting the same."

The district court also granted the City's and LSPI's motions for summary judgment. The district court found that the Pauluccis' claim was barred by res judicata and collateral estoppel. LSPI's request for attorney's fees and costs was denied.

In this appeal, the Pauluccis argue first that the district court abused its discretion in denying their Rule 41(a)(2) motion for voluntary dismissal. Rule 41(a)(2), applicable once an answer or motion for summary judgment has been served, provides in relevant part: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit. *Conafay By Conafay v. Wyeth Laboratories*, 793 F.2d 350, 352–53 (D.C.Cir.1986); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970–71 (8th Cir.1984). An appellate court will reverse the district court's decision on a Rule

---

2. The Pauluccis initially filed a motion to voluntarily dismiss pursuant to Fed.R.Civ.P. 41(a)(1)(i). LSPI and the City opposed this motion on the basis that they had already filed answers and thus the Pauluccis were required to obtain leave of court in order to dismiss voluntarily. The Pauluccis then filed a motion under Rule 41(a)(2).

41 motion only if the district court abuses its discretion.

The Pauluccis contend that the district court abused its discretion in denying their motion because the court failed to consider whether an award of attorney's fees and costs to the City and LSPI would eliminate any prejudice that might result from a voluntary dismissal. They also assert that the only harm resulting from the voluntary dismissal is the costs of this lawsuit to the date of the dismissal.

The City and LSPI respond that they are harmed not only by the costs of the present lawsuit, but also by the continuing uncertainty over the title to the land. To date, millions of dollars have been expended on the paper mill; these funds, as well as future financing for the project, are jeopardized by continued uncertainty about title to the land.

We hold that the district court did not abuse its discretion in denying the Pauluccis' motion to voluntarily dismiss. In deciding whether to permit voluntary dismissal, a district court is not limited to considering just the expenses and costs related to the lawsuit. In *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969), the court identified the following factors to be considered in deciding a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. In *Ferguson v. Eakle,* 492 F.2d 26, 29 (3d Cir.1974), the Third Circuit identified other types of prejudice which might support the denial of a motion for voluntary dismissal: (1) emotional and psychological trauma associated with the experience of defending another lawsuit, (2) the prejudice resulting from uncertainty over title to land, and (3) the absence of a justification for the proposed dismissal.

■ In the present case, at least three of the above factors are present. The City and LSPI have litigated this issue through the state courts and again in the present action. Although the money expended in this lawsuit could be compensated by requiring the Pauluccis to pay the attorney's fees and costs, the prejudice resulting from another lawsuit cannot be so eliminated. The Pauluccis claim that the City took their land for a non-public use; if the Pauluccis were to prevail on their claim, at a minimum, the City would have to return the land to the Pauluccis. Thus, future litigation asserting this claim would generate uncertainty about the title to the land and possibly jeopardize the development of the project. Finally, the Pauluccis offer no explanation for the voluntary dismissal they seek. Although given an opportunity to amend their complaint to state additional claims, they did not do so. Nor did they advise the district court what claims might be filed in the future or why their present claim could not be litigated. We hold that the district court did not abuse its discretion in considering these factors and in denying the motion to voluntarily dismiss on the basis of these factors.

In a related argument, the Pauluccis contend that the district court improperly considered the costs and expenses related to the state court action as evidence of the prejudice to the City and LSPI of the voluntary dismissal of the federal claim. The Pauluccis assert that the parties would have incurred the same cost and expenses in the state litigation even if the Pauluccis had not commenced a federal court action. They further argue that the affidavits and other documents submitted by the City and LSPI in support of their motion for summary judgment were merely copies of documents submitted in the state court proceeding and did not represent additional costs.

■ This argument has no merit. The district court did not, as the Pauluccis assert, base its decision solely on the expenses and costs related to the earlier state litigation. The district court considered these expenses along with the other factors discussed above. We hold that the district court did not err in considering the costs and expenses of a prior proceeding litigat-

ing the same issue as evidence of prejudice to the City and LSPI.

■ The Pauluccis next argue that the district court erred in granting summary judgment on the ground that the Pauluccis' claim was barred by res judicata and collateral estoppel. The Pauluccis argue that neither res judicata nor collateral estoppel apply to this case because the judgment of the state court was not final. Citing *Washington ex rel Grays Harbor Logging Co. v. Coats-Fordney Logging Co.*, 243 U.S. 251, 256, 37 S.Ct. 295, 297, 61 L.Ed. 702 (1917), they contend that an eminent domain proceeding is not final for purposes of appeal until there has been a final adjudication of both the state's right to take the property and the amount of compensation to be paid for the property. They further assert that the state court action determined the City's right to take the property but did not fix the amount of compensation. Thus, they conclude, the state court judgment is not final.

The City and LSPI respond that the state court judgment was final for res judicata purposes. They argue that the Pauluccis fail to recognize that a judgment may be final for res judicata purposes even though not final for appeal purposes. We agree.

A federal court must accord to a state court judgment the same effect it would receive in a court of the state that rendered the initial judgment. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Therefore we must look to Minnesota law to determine what effect the prior state proceeding between the Pauluccis and the City of Duluth would be given in Minnesota state courts.

In *Mattsen v. Packman*, 358 N.W.2d 48, 49 (Minn.1984) (citation omitted; emphasis added), the Minnesota court defined res judicata under state law:

'A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and *is conclusive* between parties and privies, not only as to every other matter which was actually litigated, but also *as to every matter which might have been litigated therein.*'

In *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 902 (Minn.1984), the Minnesota Supreme Court stated that collateral estoppel will apply where: (1) the issue in the second proceeding is identical to the one in the prior litigation, (2) there was a final judgment on the merits in the prior proceeding, (3) the estopped party was a party or was in privity with a party to the prior adjudication, and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Under these standards, we conclude that both res judicata and collateral estoppel apply in the present case. The Pauluccis, the City and LSPI were parties in the state action and are likewise parties in this federal action. The issue in this action is whether the Pauluccis' property was taken by the City for a non-public use; the identical issue was considered and decided against the Pauluccis in the state proceedings. The Pauluccis had a full and adequate opportunity to litigate and did litigate the issue in the state trial court and also on appeal to the Minnesota Supreme Court. The state court entered a final decision on the merits of the public use issue, and this decision was affirmed by the Minnesota Supreme Court. The Minnesota courts would accord res judicata and collateral estoppel effect to the state eminent domain proceedings and federal courts are required to do the same. We hold therefore that the district court did not err in granting summary judgment on the basis of res judicata and collateral estoppel.

Accordingly, the judgment of the district court is affirmed.