854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jose TORRES, Appellant,
United States of America, Plaintiff-Appellee,
v.
$6,618.00 U.S. CURRENCY, Defendant.
 No. 87-3661.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 25, 1988.
Decided July 27, 1988.
 
 Jose Torres, appellant pro se.
 Breckinridge Long Willcox, United States Attorney, Robert J. Mathias, Assistant United States Attorney (Office of the United States Attorney) for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jose Torres seeks to appeal the district court's order of forfeiture against $6,618.00 entered pursuant to 21 U.S.C. Sec. 881(a)(6). Because we find that Torres is not a party to the action, we conclude that he lacks standing to pursue this appeal. Accordingly, the appeal must be dismissed.
 
 
 2
 The procedures to be followed in forfeiture proceedings initiated under Sec. 881(a) are those set out in Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims. In this case, Torres has failed to comply with Rule C(6) because he has yet to file a claim and answer in the manner prescribed by that Rule. Until the procedural requirements of Rule C(6) are met, Torres has no standing to contest the forfeiture. United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208, 213 (7th Cir.1985).
 
 
 3
 Torres states on appeal that he did not file a claim because he believed that his lawyer was going to do it for him. While this may or may not provide a basis for relief under Fed.R.Civ.P. 60(b), it does not provide a basis for this Court to set aside the district court's order which was properly entered when no claims to the property were timely filed. See United States v. United States Currency Totalling $3,817.49, 826 F.2d 784 (8th Cir.1987). At this point, Torres must seek his relief in the district court. To do this, he must attempt to comply with Rule C(6) by filing a proper claim and answer, which the district court has the discretionary power to accept under Rule C(4), accompanied by a Rule 60(b) motion to set aside the judgment based on his attorney's failure to file the claim. See United States v. One Piper Navajo PA-31 Aircraft, 748 F.2d 316 (5th Cir.1984).
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 5
 DISMISSED.