**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-60841
Summary Calendar

---

CORNELIU CURUTA,

                                                                Petitioner,

versus

OFFICE OF THE CHIEF ADMINISTRATIVE HEARING OFFICER;
NORTH HARRIS MONTGOMERY COMMUNITY COLLEGE DISTRICT,

                                                                Respondents.

---

Petition for Review of an Order of
the United States Department of Justice

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Corneliu Curuta appeals the denial of his complaint by the Office of the Chief

Administrative Hearing Officer (hereinafter, "OCAHO") against the North Harris

Montgomery Community College District (hereinafter, "the District"), alleging that he

was not hired to teach additional classes because of his citizenship status. The appeal is

dismissed.

## I.

### Procedural and Factual Background

The OCAHO is the administrative agency responsible for hearing complaints under the Immigration and Nationality Act which prohibits employers from discriminating against any protected individual with respect to hiring, recruiting, or discharging the individual from employment because of his or her citizenship status. See 8 U.S.C. § 1324b (a)(1).

On August 12, 2003, the Administrative Law Judge (hereinafter, "ALJ") granted the District's motion for summary decision, finding that Curuta had established only a subjective perception of discrimination that was insufficient to show pretext. On October 15, 2003, the clerk's office of this court received Curuta's petition for review.

## II.

### Jurisdiction

The petitioner in an OCAHO case has 60 days "after the entry of [a] final order" to "seek a review of such order in the United States court of appeals for the circuit in which the violation is alleged to have occurred." 8 U.S.C. 1324b (i)(1). In an agency case such as this in which no docket exists, the entry date for limitations purposes occurs when the final order is signed, any necessary agency seal is affixed, and the order is served. See

Chem-Haulers, Inc. v. United States.[1] The ALJ's final order was signed and served to the parties on August 12, 2003. Sixty days after August 12, 2003 would be Tuesday, October 14, 2003 because the 60th day, October 11, was a Saturday and the following Monday was a federal holiday. As Curuta's appeal was not received until October 15, 2003, it was arguably one day late.

Curuta argues that he mailed the appeal within 60 days of the date of entry and that this court should adopt the "mailbox rule" by which an appeal is timely so long as it is mailed within the prescribed period. The District argues that the Federal Rules of Appellate Procedure clearly state that a filing with this court is not complete unless the document to be filed is received by the clerk by the filing deadline.

Pursuant to FED. R. APP. P. 15(a), an individual seeking review of an administrative agency order must file their petition for review with the appellate court clerk "within the time prescribed by law." The filing is not timely "unless the clerk receives the papers within the time fixed for filing." FED R. APP. P. 25(a)(2)(A). This court may not extend the time to file a request to review an order of an administrative agency unless some other legal provision permits an extension. FED. R. APP. P. 26(b)(2). The Rules make an exception for a brief or appendix that is mailed within the filing deadline, but Curuta's petition does not fall under this exception. FED. R. APP. P. 25(a)(2)(B).

This Court has rejected the "mailbox rule" with respect to appeals challenging

---

[1] 536 F.2d 610, 614-16 (5th Cir. 1976).

administrative proceedings when the statute in question requires the petition to be filed by a specific date. See Guirguis v. INS.[2] In § 1324b (i)(1), however, the statute requires the aggrieved party to "seek a review" not later than 60 days after the entry of a final order.

In Mesa Airlines v. United States,[3] the Tenth Circuit held that 1324b (i)(1) required the petition to be filed with the clerk's office within 60 days of the date of entry. The Ninth Circuit made a similar assumption in Tovar v. United States Postal Service.[4] We agree that the statute requires a petition for review of a final order to be filed and received within 60 days of the date of entry. The language in § 1324b (i)(1) requiring the petitioner to "seek a review" does not create an exception to the rule that appeals must be received, not mailed, by the filing deadline. Curuta's petition was not received within 60 days of the date of entry of the ALJ's final order, and it is therefore untimely.

III.

The District's Motion for Costs

In their original brief, the District requested that it be awarded costs related to the appeal. "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee. FED. R. APP. P. 38. The

---

[2] 993 F.2d 508, 510 (5th Cir. 1993).

[3] 951 F.2d 1186, 1188 (10th Cir. 1991).

[4] 3 F.3d 1271, 1273 n.4 (9th Cir. 1993).

4

District failed to file a separate motion and does not justify the award. The request for costs is denied.

Appeal Dismissed.