# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4244

_____

Stanley Beavers, Jr.,

        Appellee,

    v.

Bob Bretherick, individually and in
his official capacity as the Jail
Administrator of Crittenden County;
Dick Busby, individually and in his
official capacity as Sheriff of
Crittenden County; Crittenden
County, Arkansas,

        Appellants.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: April 9, 2007
Filed: April 16, 2007

_____

Before MELLOY, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Bob Bretherick, former Administrator of the Crittenden County (Arkansas) Detention Center (CCDC); Dick Busby, Sheriff of Crittenden County, Arkansas; and Crittenden County, Arkansas (collectively, the Appellants); appeal from the District Court's order granting a motion by Stanley Beavers Jr. to voluntarily dismiss his case

without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. We reverse and remand with instructions.

On September 10, 2004, Beavers filed a 42 U.S.C. § 1983 complaint, alleging that Bretherick violated Beavers's constitutional rights by using excessive force against Beavers on September 10, 2001, while Beavers was incarcerated at CCDC. The complaint also raised claims against Busby and Crittenden County.

On August 15, 2005, the Appellants filed a joint motion for summary judgment, a brief in support of the motion, and a statement of facts controverting the allegations in Beavers's complaint. With their motion, the Appellants submitted an affidavit from Bretherick denying that he had used excessive force as asserted by Beavers in his complaint. The Appellants also submitted an affidavit from Busby denying knowledge of the alleged September 10, 2001, incident until a much later time. Busby also averred that Crittenden County had comprehensive policies in place requiring employees to comply with applicable law and prohibiting employees from using excessive force against CCDC inmates.

Beavers did not file a response to the Appellants' motion for summary judgment. The District Court contacted Beavers's attorney of record about his failure to respond to the Appellants' motion. The attorney indicated that he was no longer employed at the law firm engaged to represent Beavers, was no longer personally representing Beavers, and would contact his former partners to arrange for substitution of counsel.

On September 16, 2005, another member of the law firm (who did not enter a formal appearance in Beavers's case and whose license to practice in the District Court was suspended for nonpayment of dues) filed a motion for voluntary dismissal of Beavers's complaint without prejudice under Rule 41(a)(2). This motion stated only that the District Court had jurisdiction over the matter, that Beavers was seeking

dismissal without prejudice pursuant to Rule 41(a), and that "no voluntary or involuntary nonsuits or dismissals" had been previously requested in the case. Plaintiff's Motion for Voluntary Nonsuit Without Prejudice. The Appellants filed a joint response on September 21, 2005, objecting to Beavers's motion for voluntary dismissal.

On October 6, 2005, the District Court issued an order deferring its ruling on the summary judgment and voluntary dismissal motions until the lawyer who was allegedly representing Beavers paid his delinquent dues and had his license to practice in the court reinstated. In its order, the court observed that "Beavers may have a meritorious claim at least against Bretherick"[1] and that it appeared as if "Beavers's case fell through the cracks" at the law firm he had engaged to represent him. Order of Oct. 6, 2005, at 2. The District Court ruled that Beavers's motion for voluntary dismissal would be granted if the lawyer who filed the motion was reinstated within fifteen days of the date of the deferral order. If the lawyer was not reinstated, the motion for voluntary dismissal would be stricken and the court would rule on the Appellants' motion for summary judgment.

On October 24, 2005, the District Court granted Beavers's motion and dismissed his case without prejudice.[2] The Appellants' motion for reconsideration of

---

[1]In a separate criminal case, Bretherick pleaded guilty to a charge of slapping Beavers on December 11, 2001, but a second charge related to the conduct at issue in this case was dismissed.

[2]Although there is no docket entry indicating that Beavers's attorney complied with the District Court's order to have his license reinstated, in Beavers's response to the Appellants' motion for reconsideration of the voluntary-dismissal order, Beavers's attorney notes that he complied with the court's order and that verification of his reinstatement was sent to the District Court. We also note that the Appellants failed to include this document in their appendix.

the court's dismissal order was summarily denied on November 15, 2005, and this appeal followed.

On February 8, 2006, the Appellants filed their brief with this Court. On March 23, 2006, we granted leave to Beavers's attorney to withdraw from the case, and we directed Beavers to inform the Court within fifteen days whether he intended to retain other counsel or proceed pro se. We also advised Beavers that failure to respond would result in an order barring him from filing a brief in this appeal. Despite this admonition, Beavers failed to respond, and on May 3, 2006, we entered an order barring Beavers from filing an appellate brief. On July 13, 2006, Beavers's newly retained counsel filed a motion requesting that we reconsider our earlier decision, and on August 10, 2006, we denied that motion.

Rule 41(a)(2) is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant. See Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit rests upon the sound discretion of the district court, and we review the court's decision for abuse of that discretion. See, e.g., Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005). In determining whether to grant a plaintiff's motion for voluntary dismissal, a district court should consider the following factors: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in preparing for trial, (3) whether the plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the case, and (4) whether the defendant has filed a motion for summary judgment. Paulucci, 826 F.2d at 783. In general, a district court should not grant a motion for voluntary dismissal merely because a plaintiff seeks a more favorable forum or wishes to escape an adverse decision. See, e.g., Cahalan, 423 F.3d at 818. We conclude that in the circumstances of this case, the District Court abused its discretion in granting Beavers's motion for voluntary dismissal without prejudice.

The District Court determined that Beavers had an arguably meritorious case—at least against Bretherick. This conclusion, however, is not borne out by the limited record. With their motion for summary judgment, the Appellants attached a statement of facts, which they have called undisputed facts, and several affidavits in support thereof, controverting the facts and denying the allegations asserted by Beavers in his complaint. Beavers did not respond in any way to the Appellants' motion, much less establish a genuine issue of material fact for trial. Under the local rules applicable to federal district courts in Arkansas, a party opposing a motion for summary judgment "*shall* file . . . a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." D. Ark. R. 56.1(b) (emphasis added). If the opposing party fails to contest the facts described in the motion for summary judgment, those facts "*shall* be deemed admitted." Id. 56.1(c) (emphasis added); Jackson v. Ark. Dep't of Educ., Vocational & Technical Educ. Div., 272 F.3d 1020, 1027 (8th Cir. 2001) (citing Arkansas local rule 56.1(c) in concluding that the plaintiff forfeited her right to contest facts when she failed to respond to the defendant's summary judgment motion), cert. denied, 536 U.S. 908 (2002). Pursuant to the local rules, then, the facts as described in the Appellants' motion for summary judgment are the undisputed facts of this case. And those facts do not support Beavers's claims against the Appellants. Accordingly, the District Court abused its discretion in ruling to the contrary. See, e.g., Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1263 (8th Cir. 1993) (observing that if a defendant demonstrated a valid defense to a plaintiff's claims, a district court would abuse its discretion by granting a plaintiff's motion to voluntarily dismiss without prejudice).

The District Court also suggested in its deferral order that Beavers's case appeared to have "[fallen] through the cracks when his lawyer left the law firm engaged to represent him" and that there was "no indication that anyone at the [firm] was even aware of [Beavers's] case" until the court contacted Beavers's attorney of record to inquire about his response to the Appellants' motion for summary judgment. Order of Oct. 6, 2005, at 2. Because Beavers "could be penalized" if his motion to

voluntarily dismiss was denied, the court granted the motion without prejudice. Id. The evidence in the record, however, indicates that correspondence from the Appellants' attorneys and from the District Court regarding Beavers's case was regularly directed to the firm as well as to Beavers's attorney of record. On December 20, 2004, the parties filed a joint discovery-scheduling report with the District Court, see Fed. R. Civ. P. 26(f), in which another attorney at the law firm struck the name of Beavers's attorney of record and signed her own name. This evidence tends to refute the District Court's conclusion that there was "no indication . . . anyone at the [firm] was even aware of Beavers's case." Moreover, even if there was support in the record for the District Court's conclusion, Beavers

> voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . .

Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962); see Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1220 (8th Cir. 1998) ("[B]y virtue of his agency relationship with his attorneys, appellant is generally bound by the actions (or inaction) of his attorney when his attorney acts in her representational capacity.").

We believe that the factors described in Paulucci weighed in favor of denying Beavers's motion for voluntary dismissal without prejudice. Beavers did not present any explanation—much less a sufficient explanation—for his desire to dismiss the complaint. In both the District Court and this Court, Beavers has exhibited a marked lack of diligence in prosecuting his case. The defendant has expended effort and expense in preparing for trial and has filed a motion for summary judgment on which the District Court has not ruled. In these circumstances, we conclude that the District Court abused its discretion in granting Beavers's motion for voluntary dismissal.

We reverse the District Court's order granting Beavers's motion to dismiss, and we remand the case to the District Court with directions that the court rule on the Appellants' motion for summary judgment and if the motion is granted that the court enter a final judgment dismissing the case.

_____