# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2014

Lyle W. Cayce
Clerk

No. 13-60820
Summary Calendar

YAPO PAUL ADON, also known as Yapo Adon, also known as Yapo P. Adon,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 516 828

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yapo Paul Adon petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of withholding of removal, cancellation of removal, asylum, withholding of removal under the Convention Against Torture (CAT), and voluntary departure. Before addressing the merits of Adon's petition for review, we analyze several jurisdictional questions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60820

Adon's petition for review, postmarked within the 30-day period, was timely filed and thus vests us with jurisdiction over his petition for review. *See* 8 U.S.C. § 1252(b)(1); FED. R. APP. P. 25(a)(2)(C). We lack jurisdiction, though, to consider Adon's unexhausted claims that he was entitled to asylum, withholding of removal under the CAT, and voluntary departure; that he was deprived of due process during the immigration proceeding; that he was deprived of effective assistance of counsel during the immigration proceeding; and, regarding cancellation of removal, that the IJ failed to consider evidence and that the BIA erroneously determined he had been convicted of an aggravated felony. *See* § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). Finally, Adon's disagreement with the IJ's discretionary decision not to grant him cancellation of removal does not amount to a question of law or constitutional claim that is sufficient to vest us with jurisdiction. *See* § 1252(a)(2)(B)(i), (a)(2)(D); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). His petition for review is therefore dismissed in part for lack of jurisdiction.

Turning to the merits of Adon's petition for review, we decline to review the adverse credibility determination because substantial evidence supports the BIA's and IJ's finding that Adon was not entitled to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 905-06 (5th Cir. 2002). Adon claimed that he feared he would be harmed if he returned to the Ivory Coast due to his political opinion, religion, and membership in a particular social group. Specifically, he would be identified by the rebels in power as an Akan Christian and union member whom the rebels considered to be supporters of the former regime. Although Adon testified that his mother, sister, and brother-in-law were attacked by the rebels, whether rebels were involved in these criminal acts was based solely on his speculation. Accordingly, he failed to show that it is more

No. 13-60820

likely than not that he will be persecuted on account of a protected ground. *See* 8 C.F.R. § 208.16(b)(2).

We cannot consider the evidence attached to Adon's brief that was not made part of the administrative record. *See* § 1252(b)(4)(A). Adon does not address the BIA's stated reasons for refusing to consider whether he had suffered past persecution or would be persecuted on account of his membership in a particular social group, thereby abandoning review of these issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). His petition for review is therefore denied in part.

Last, we turn to Adon's pending motions. His motion for appointment of counsel is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). His incorporated motions for a stay of removal and release on bond or parole are denied as moot. His incorporated motion to strike the respondent's brief is denied, as the respondent has corrected a prior deficiency. His incorporated motion to remand for consideration of new evidence is denied because we cannot grant him such relief. *See* § 1252(b)(4)(A); *Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009).

Petition for review DENIED in part and DISMISSED in part for lack of jurisdiction. Motions DENIED.