# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 20-60216
Summary Calendar

---

Lorenzo C. Nunez-Mena, *also known as* Angel Luis Gonzalez-Ortiz, *also known as* Victorianao Perez-Dominguez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 968 227

---

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Lorenzo C. Nunez-Mena, a native and citizen of Honduras, was twice ordered removed in 2014 and barred from reentry for 20 years. In 2019, Nunez-Mena was arrested in Louisiana. When the Department of Homeland

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60216

Security (DHS) moved to reinstate his removal order, Nunez-Mena claimed he feared returning to Honduras because he had allegedly been targeted by a criminal group protected by the Honduran police. DHS did not find Nunez-Mena credible and referred his case to an Immigration Judge (IJ), who found he had no valid claim. Nunez-Mena now petitions this court for review. Because his petition is untimely, we DISMISS it for lack of jurisdiction.

We must independently assess our own jurisdiction. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). We lack jurisdiction over a petition for review filed more than 30 days after the final order of removal. 8 U.S.C. § 1252(b)(1); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). The IJ's order was issued February 12, 2020, making any petition due by March 13, 2020. Nunez-Mena's petition, which was postmarked March 17, 2020, was not received by the clerk until March 19, 2020, six days after expiration of the 30-day deadline. It was therefore untimely. *See* 8 U.S.C. § 1252(b)(1); Fed. R. App. P. 25(a)(2)(A)(i).

In response, Nunez-Mena argues he was detained and deposited his petition into the prison mail system on March 10, 2020, before the deadline. We assume *arguendo* that the prison mailbox rule applies here. *Compare Curuta v. Off. of Chief Admin. Hearing Off.*, 398 F.3d 329, 330–31 (5th Cir. 2005), *with Adon v. Holder*, 582 F. App'x 479, 479 (5th Cir. 2014). Even so, Nunez-Mena's petition would still be untimely because it did not comply with the federal rules. *See* Fed. R. App. P. 25(a)(2)(A)(iii) (prison mailbox rule applies if filing deposited by due date along with sworn or notarized statement setting out information on deposit date and postage). We decline to exercise our discretion to permit a late-filed declaration or statement setting out facts to the contrary. *Ibid.*

The petition for review is DISMISSED. All pending motions are DENIED AS MOOT.