**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1945**

---

DAVE TINGLING,

              Petitioner,

        v.

OCAHO; CITY OF RICHMOND, VA,

              Respondents.

---

On Petition for Review of an Order of the Department of Justice.

---

Submitted: March 24, 2023                          Decided:  May 3, 2023

---

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Petition dismissed in part and denied in part by unpublished per curiam opinion.

---

Dave Tingling, Petitioner Pro Se.   Abby Christine Wright, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dave Tingling petitions for review of two orders issued by the Office of the Chief Administrative Hearing Officer of the Executive Office for Immigration Review ("OCAHO"): (1) the June 25, 2021, order granting Tingling's motion to voluntarily withdraw his 8 U.S.C. § 1324b action and dismissing with prejudice his amended complaint alleging employment discrimination claims of retaliation and hostile work environment against the City of Richmond, Virginia ("the City") (Case No. 19B00009); and (2) the February 8, 2018, order granting a joint motion to dismiss Tingling's prior § 1324b action based on a settlement agreement (Case No. 17B00015). We dismiss the petition in part and deny in part.

Although Tingling's petition for review only identifies the June 25, 2021, order, his informal brief also identifies the February 8, 2018, order. To the extent that Tingling intended to appeal both orders, Tingling had "[n]ot later than 60 days after the entry of such final order . . . [to] seek review" in the appropriate court of appeals. 8 U.S.C. § 1324b(i)(1). Pursuant to Fed. R. App. P. 15(a), an individual seeking review of an administrative agency order must file their petition for review with the appellate court clerk "within the time prescribed by law." Fed. R. App. P. 15(a)(1). The filing is not timely "unless the clerk receives the papers within the time fixed for filing." Fed R. App. P. 25(a)(2)(A)(i). We may not extend the time to file a request to review an order of an administrative agency unless some other legal provision permits an extension. Fed. R. App. P. 26(b)(2). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see Mesa Airlines v. United*

*States*, 951 F.2d 1186, 1187-89 (10th Cir. 1991) (holding that time limit set forth in § 1324b(i) is "jurisdictional and not discretionary"); *accord Curuta v. Office of the Chief Admin. Hearing Officer*, 398 F.3d 329, 330-31 (5th Cir. 2005).

Here, the administrative law judge entered the order granting a joint motion to dismiss Case No. 17B00015 on February 8, 2018, based on the parties' entry into a settlement agreement. The petition for review was filed on August 24, 2021. Tingling makes no attempt to excuse the delay in filing his petition and there is no basis for an extension. Because Tingling's petition for review of the February 8, 2018, order is untimely, we dismiss this portion of the petition for lack of jurisdiction.

Tingling also petitions for review of the June 25, 2021, order granting his motion to voluntarily withdraw Case No. 19B00009 and dismissing his amended complaint with prejudice under Federal Rule of Civil Procedure 41(a)(2). We review a decision to grant a plaintiff's motion to dismiss a complaint under Rule 41(a)(2) for abuse of discretion. *See Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Rule 41(a)(2) permits a court to dismiss a case with prejudice. *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993).

The factors a court should consider in ruling on a Rule 41(a)(2) motion are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending. *See Phillips USA, Inc. v. All-flex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). These factors are not exclusive, however,

3

and any other relevant factors should be considered by the court depending on the circumstances of the case. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). We have reviewed the record and conclude that the administrative law judge did not abuse his discretion in granting Tingling's motion and dismissing with prejudice the amended complaint under Rule 41(a)(2). *See Tingling v. OCAHO*, No. 19B00009 (June 25, 2021).

Accordingly, we deny the petition for review as to the June 25, 2021, order granting Tingling's motion to voluntarily withdraw Case No. 19B00009 and dismissing his amended complaint with prejudice. We dismiss as untimely the petition for review as to the February 8, 2018, order granting the joint motion to dismiss Case No. 17B00015. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART,*
*PETITION DENIED IN PART*

4